**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| CHRISTOPHER ODOM,                 )<br>                                                        )<br>                    Plaintiff,         )<br>                                                        )     C.A. No.: 3:06-3417-PMD-JRM<br>v.                                                    )<br>                                                        )<br>S.C.D.C. TRANSPORTATION FNU   )           **ORDER**<br>LNU, INSURANCE POLICY HOLDER; )<br>MRS. FNU ROBINSON; MR. FNU     )<br>LIVINGSTON; and S.C.D.C. MEDICAL )<br>KIRKLAND/WATEREE STAFF          )<br>                                                        )<br>                    Defendants.     )<br>_____) | |

Plaintiff Christopher Odom ("Plaintiff"), formerly an inmate at Kirkland Correctional Institution ("KCI") and Wateree Correctional Institution ("WCI"), filed this *pro se* action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Defendants filed a Motion for Summary Judgment. The record contains the report and recommendation of a United States Magistrate Judge, made in accordance with 28 U.S.C. § 636 (b)(1)(B), which recommends that Defendants' Motion for Summary Judgment be granted. A party may object, in writing, to a report and recommendation within ten days after being served with a copy of that report. 28 U.S.C. 636 (b)(1). Plaintiff filed timely objections to the Magistrate Judge's recommendations.

**BACKGROUND**

On December 5, 2006, Plaintiff brought suit pursuant to 42 U.S.C. § 1983 against "S.C.D.C. Transportation FNU LNU," the South Carolina Department of Corrections' ("SCDC") "insurance policy holder," Mrs. FNU Robinson, Mr. FNU Livingston, and the medical staff at KCI and WCI.

On February 28, 2005, Plaintiff was being transferred from KCI to WCI. En route to WCI, the transport bus on which Plaintiff was riding was involved in an accident. Plaintiff complained

that the impact of the accident had injured his back and neck. He was seen to by a registered nurse on the same day of the accident, who could find no serious injury. On March 9, Plaintiff was again examined by a nurse for his back pain, who could find no evidence of injury and instructed Plaintiff to take Tylenol or ibuprofen for his pain. On March 15, Plaintiff was seen to by two nurses, who observed that Plaintiff had full range of motion, and could find nothing wrong with Plaintiff's back or neck. On March 17, technicians took x-rays of Plaintiff's spine, which showed nothing abnormal.

On March 9, 2005, Plaintiff was placed on administrative segregation for his refusal to work, which Plaintiff claimed to be unable to do because of his back pain.

Plaintiff was subsequently released from SCDC custody in August 2006, and is no longer incarcerated. Also in August 2006, Plaintiff visited the Medical University of South Carolina complaining of chronic back pain. MUSC personnel could identify no problem with Plaintiff's back or neck, and instructed Plaintiff to take ibuprofen for the pain.

On December 5, 2006, Plaintiff filed a complaint under § 1983, alleging that Defendants had violated his constitutional rights by being deliberately indifferent to a serious medical need and by unjustly putting him in administrative segregation. On March 1, 2007, Defendants filed an Answer to Plaintiff's complaint. On May 15, Defendants filed a Motion for Summary Judgment, claiming that Plaintiff's allegations, even if true, did not constitute a violation of Plaintiff's constitutional rights sufficient to give rise to a § 1983 claim. On June 19, Plaintiff filed a Response to Defendants' Motion for Summary Judgment. On September 26, United States Magistrate Judge Joseph R. McCrorey issued a Report and Recommendation ("R&R") to the court, recommending that Defendants' Motion for Summary Judgment be granted. On October 9, Plaintiff filed timely Objections to the Magistrate Judge's R&R.

**STANDARD OF REVIEW**

    A.    **Magistrate Judge's R&R**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). This court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the report and recommendation to which objections are made and the basis for those objections. *Id.* After a review of the entire record, the R&R, and Plaintiff's objections, the court finds that the Magistrate Judge summarized the facts and applied the correct principles of law. Accordingly, the R&R is adopted in full and specifically incorporated into this Order.

    B.    **Legal Standard for Summary Judgment**

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on

which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

## OBJECTIONS

### A.     Deliberate Indifference

The Magistrate Judge recommended to the court that Defendants' Motion for Summary Judgment be granted because Plaintiff has not shown deliberate indifference to a serious medical need by any of the Defendants. (R&R at 2-5.)

Plaintiff objects to the recommendation, asserting that he was in severe pain throughout this time period, which constituted a serious medical need, that Defendants refused to refer him to a specialist, and that Defendants unduly delayed 18 days before providing him with an x-ray. (Objections at 2.)

It is well established that deliberate indifference by prison personnel to an inmate's serious illness or injury is actionable under 42 U.S.C. § 1983 as constituting cruel and unusual punishment contravening the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97, 104-05 (1976). To prove a claim of deliberate indifference to a serious injury under the Eighth Amendment, a plaintiff must show that a defendant's "action or inaction [1] result[ed] in or creat[ed] a sufficiently serious risk of a deprivation that objectively results in denial of the 'minimal civilized measure of life's necessities' and [2] a 'sufficiently culpable state of mind.'" *Winfield v. Bass,* 106 F.3d 525, 531 (4th Cir. 1997) (quoting *Farmer v. Brennan,* 511 U.S. 825, 831-34 & n. 2 (1994)). In order to be liable

for deliberate indifference, the plaintiff must prove that the official was both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and also that he had drawn the inference. *See Young v. City of Mount Rainer*, 238 F.3d 567, 575-76 (4th Cir. 2001) ("Deliberate indifference requires a showing that the defendants . . . actually knew of and ignored a detainee's serious need for medical care."). The mere fact that a prisoner may believe he had a more serious injury or that he required better treatment does not establish a constitutional violation. *See, e.g., Russell v. Sheffer,* 528 F.2d 318, 319 (4th Cir. 1975).

During the time period in question, Plaintiff consulted with several different nurses on numerous occasions, none of whom could find anything wrong with Plaintiff. Defendants arranged for and performed an x-ray of Plaintiff's spine, which showed nothing out of the ordinary. When Plaintiff visited MUSC for his condition after he was released, they, too, could not find anything wrong with Plaintiff's back or neck.

Even if the court takes Plaintiff's unverified, self-supporting statements at face value and acknowledges that his back pain represents a serious medical need, Plaintiff has failed to show deliberate indifference on the part of the Defendants. The fact that he was visited by nurses, who examined him, gave him medicine, and arranged for an x-ray shows that WCI was providing him with medical treatment and was not deliberately ignoring his claims. These facts as asserted support at most support a claim of negligence, or possibly even negligence rising to the level of malpractice. The Supreme Court of the United States has explicitly held that such conduct does not constitute deliberate indifference:

> [A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 106. *See also id.* ("[M]ere disagreements between doctor and patient about the course of treatment do not reflect 'deliberate indifference' on the part of the former . . ."); *Johnson v. Quinones*, 145 F.3d 164, 166 (4th Cir. 1998) ("[A]ny negligence or malpractice on the part of the doctors in missing the diagnosis does not, by itself, support an inference of deliberate indifference by the doctors to Johnson's medical needs."). Similarly, alleged delays in providing adequate care also do not rise to the level of deliberate indifference where the delay does not cause further injury. *Kane v. Hargis*, 987 F.2d 1005, 1009 (4th Cir. 1993).

Even viewing all assertions and inferences in the light most favorable to Plaintiff, the court cannot find any material issue of fact regarding Plaintiff's claim of deliberate indifference. The facts show that Plaintiff received medical care for his back pain after the bus accident. That it was allegedly ineffective, while unfortunate, does not raise an issue of constitutional proportions. Similarly, Plaintiff's allegation that the 18 day delay in providing him with an x-ray was not a constitutional violation, given that it showed no injury at all, and therefore cannot be said to have caused further injury. For the aforementioned reasons, Plaintiff's claim of deliberate indifference in violation of his Eighth Amendment rights fails as a matter of law.

Accordingly, the court finds that the Magistrate Judge correctly recommended that Defendants' Motion for Summary Judgment should be granted.

### B.  Administrative Segregation

The Magistrate Judge recommended to the court that Defendants' Motion for Summary Judgment be granted as to Plaintiff's allegations about being placed on administrative segregation because these allegations do not rise to the level of a constitutional violation. (R&R at 6-7.)

Plaintiff objected to this finding, reiterating that he was unjustly placed on administrative segregation as punishment for being physically unable to do the work demanded of him. (Objections

at 1.)

A reclassification of a prisoner's confinement status does not give rise to a claim of a constitutional violation. *Sandin v. Conner*, 515 U.S. 472, 483 (1995) (holding that putting an inmate in segregated confinement does not violate inmate's constitutional rights because it did not "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."). It is well-established that removing an inmate from the general inmate population and placing him or her in administrative segregation is not a violation of the inmate's constitutional rights. *See Backey v. South Carolina Dep't of Corrections*, 73 F.3d 356, 1996 WL 1737 (4th Cir. Jan. 3, 1996) [Table] (holding that allegations of wrongful placement in administrative segregation do not constitute a violation of inmate's due process rights); *Joseph v. Gillespie*, 73 F.3d 357, 1995 WL 756280 (4th Cir. Dec. 21, 1995) [Table] ("Administrative segregation is not an 'atypical and significant hardship' relative to the ordinary incidents of prison life that would give rise to a liberty interest protected by any procedure.") (citation omitted).

Accordingly, the court finds that the Magistrate Judge correctly found that inmate has no constitutionally protected liberty interest in remaining among the general inmate population, and therefore correctly recommended that Defendants' Motion for Summary Judgment be granted.

### C.    Immunity of "Insurance Policy Holder"

The Magistrate Judge also recommended to the court that Defendants' Motion for Summary Judgment be granted on the grounds that Defendants were entitled to qualified immunity. (R&R at 8-9.)

Plaintiff objects to this recommendation, saying that the Magistrate Judge has cited no authority for the proposition that the "insurance policy holder" is entitled to qualified immunity. (Objections at 1-3.)

Because Plaintiff has made no allegations which give rise to a valid substantive § 1983 cause of action, the issue of immunity with regard to any of the Defendants is rendered wholly irrelevant, and need not be addressed by this court. Even if the court were to find that the "insurance policy holder" were not entitled to qualified immunity, Plaintiff would not be entitled to recovery.[1]

## CONCLUSION

For the foregoing reasons the court adopts in full the recommendation of the Magistrate Judge and **ORDERS** that Defendants' Motion for Summary Judgment is **GRANTED**.

**AND IT IS SO ORDERED.**

*[signature]*
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**October 15, 2007.**

---

[1] Furthermore, the court would also be well within its power to dismiss Plaintiff's claims against "SCDC Insurance Policy Holder" for providing inadequate information to serve this Defendant. This court has previously dismissed a defendant identified only as "SCDC Insurance Policy Holder" for inadequate service of process. This court did so in *Odom v. Ozmint*, a case with which the court assumes Plaintiff is intimately familiar, as he was the plaintiff in that matter as well. 2007 WL 2021878 (D.S.C. July 6, 2007).